Case No. 22-4007

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**RALAND J BRUNSON,**

**Plaintiff/Appellant,**

**v.**

**ALMA S. ADAMS, et al.,**

**Defendants/Appellees.**

On Appeal from the United States District Court
For the District of Utah
The Honorable Jill N. Parrish, District Judge
District Court Case No. 1:21-cv-00111

**BRIEF FOR THE DEFENDANTS/APPELLEES**

ANDREA T. MARTINEZ
United States Attorney
District of Utah

JOHN K. MANGUM
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone (801) 524-5682
john.mangum@usdoj.gov

Attorneys for Defendants/Appellees

**ORAL ARGUMENT IS NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT OF PRIOR AND RELATED APPEALS ..................................... iv

STATEMENT OF JURISDICTION .................................................................1

STATEMENT OF THE ISSUES.....................................................................2

STATEMENT OF THE CASE.........................................................................2

SUMMARY OF THE ARGUMENT ................................................................6

STANDARD OF REVIEW ...........................................................................8

ARGUMENT..............................................................................................8

   I.  The District Court Rulings Adequately Provide and
      State the Grounds for the Dismissal of the Action.............8

  II.  The District Court Correctly Found that Brunson
       Lacked the Required Standing to Pursue his Claims......10

     A.  Personalized Injury in Fact...............................................11

     B.  Redressability................................................................14

CONCLUSION.........................................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ATTACHMENTS

  A.  Report and Recommendation
     Case No. 1:21-cv-00111-JNP-JCB; January 6, 2022

  B.  Order Adopting Report and Recommendation
     Case No. 1:21-cv-00111-JNP-JCB; February 02, 2022

**C.  Judgment**
   **Case No. 1:21-cv-00111-JNP-JCB; February 2, 2022**

TABLE OF AUTHORITIES

CASES                                                                PAGE(S)

*Ash Creek Mining Co. v. Lujan*, 969 F.2d 868 (10th Cir. 1992) ....8, 11-12

*Barry v. United States ex rel. Cunningham*, 279 U.S. 597 (1929).....14-15

*Burton v. United States*, 202 U.S. 344 (1906) ...................................16-17

*Carey v. Piphus*, 435 U.S. 247 (1978)......................................................13

*Catron Cnty. Bd. Of Comm'rs, New Mexico v. United States Fish & Wildlife Serv.*, 75 F.3d 1429 (10th Cir. 1996) ................................13

*Glover River Org. v. United States Dep't of Interior*, 675 F.2d 251 (10th Cir. 1982) ......................................................................11-12

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014) ................................................................................................8

*Kelley v. Wall*, 2010 WL 5176172 (D. R.I. Nov. 30, 2010) .....................15

*Kelley v. Wall*, 2010 WL 5313296 (D. R.I. Dec. 20, 2010).......................15

*Kerchner v. Obama*, 612 F.3d 204 (3d Cir. 2010) ..................................15

*Lance v. Coffman*, 549 U.S. 437 (2007)..............................................10-11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).........................11-12

*Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271 (1984)...........15

*Rector v. City and County of Denver*, 348 U.S. 935 (10th Cir. 2003) ......................................................................13-14

*Roudebush v. Hartke*, 405 U.S. 15 (1972) ..............................................14

*Smith v. Ark. State Highway Employees*, 441 U.S. 463 (1979) ..............15

*United States v. Abouselman*, 976 F.3d 1146 (10th Cir. 2020) ...............8

*United States v. Nixon*, 418 U.S. 683 (1974)..........................................15

*Utah Lighthouse Ministry v. Found. for Apologetic Info. & Rsch.*, 527 F.3d 1045 (10th Cir. 2008) ........................................................... 6, 9

*We the People Found., Inc. v. United States*, 485 F.3d 140 (D.C. Cir. 2007) .................................................................................... 15

*Wright v. Brady*, 2006 WL 2371327 (S.D. Tex. Aug. 15, 2006) .............. 15

STATUTES

18 U.S.C. § 2381 ....................................................................... 7, 15-17

28 U.S.C. § 509 ............................................................................... 16

28 U.S.C. § 516 ............................................................................... 16

28 U.S.C. § 1291 ............................................................................... 1

28 U.S.C. § 1442(a)(1) ..................................................................... 1, 3

RULES

Fed. R. Civ. P. 54(a) ...................................................................... 6, 9

Fed. R. Civ. P. 58(a) ...................................................................... 6, 9

## STATEMENT OF PRIOR AND RELATED APPEALS

The Appellees are not aware of any related cases in this Court.

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| RALAND J BRUNSON, | |
| Plaintiff/Appellant, | No. 22-4007 |
| vs. | BRIEF FOR THE DEFENDANTS/APPELLEES |
| ALMA S. ADAMS, et al., | |
| Defendants/Appellees. | |

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal under 28 U.S.C. § 1291. Mr. Brunson filed his notice of appeal on February 10, 2022. Record on Appeal (R.) at 513. That was within 30 days after the judgment was entered on February 2, 2022. R. at 512.

The district court had authority to decide the case pursuant to its inherent authority to determine whether Congressionally-imposed or other limits on its jurisdiction were met after the case was properly and timely removed from state court by the defendant federal officers under 28 U.S.C. § 1442(a)(1) and –(a)(4) on August 5, 2021, within 30 days

after the time the complaint was first served on the United States

Attorney's Office for the District of Utah with a summons only

addressed to Defendant Vice President Kamala Harris on July 16, 2021.

R. at 65-68.

## STATEMENT OF THE ISSUES

I.    Whether the district court rulings adequately provide
      and state the grounds for the dismissal of the action.

II.   Whether the district court correctly found that Brunson
      lacked the required standing to pursue his claims.

## STATEMENT OF THE CASE

Mr. Brunson filed his pro se complaint in state court against

nearly four hundred current or former federal officers, all in their

official capacities: 291 members of the United States House of

Representatives, 94 Senators, and President Biden, Vice President

Harris, and former Vice President Pence. R. at 70-72; 219-21. The

claims are based on Brunson's dissatisfaction with the outcome of the

most recent election for President and Vice President of the United

States of America, and his claims that Defendants violated their oaths

of office, and waged war on this country and the unalienable God-given

rights of its citizens by not further investigating claims that the

Presidential election was rigged and fraudulent, as Brunson claims it

was, before the Defendants accepted the electoral votes presented beginning on January 6, 2021. See Complaint at ¶¶ 9-19, 31-34, 38-58, 62 & 66; R. at 73-84; 222-33.

Brunson complains that this alleged failure to adequately investigate the election results damaged him to the extent of $484 million for each of his six causes of action, for a claimed total of $2.905 billion, that he requests tax free. He also seeks the immediate removal from office of all of the Defendants, that they never be able to collect any further pay from the United States for their official service in Congress or as President or Vice President, that they never be able to again practice law or again serve as an elected officeholder in this country, that they each be investigated for treason, and that former President Trump be again immediately inaugurated as President. See Complaint at ¶¶ 127-176, R. at 92-97; 241-46.

Defendants removed the action to federal court under 28 U.S.C. § 1442(a)(1) and –(a)(4). R. at 65-68. Brunson challenged the removal by moving the case to be remanded to the state court. R. at 189-94. His remand motion was denied. R. at 372-73.

Immediately upon the removal, before it was challenged,

Defendants moved to dismiss the action on multiple grounds. R. at 173-

88. The jurisdictional grounds were that there was no waiver of federal

sovereign immunity, that Brunson lacked standing, the absolute

legislative immunity of the Constitution's Speech or Debate clause, and

that the court lacked personal jurisdiction over all defendants elected by

other than Utah voters. This was coupled with an alternative claim

under rule 12(b)(6) that the complaint failed to state a viable claim for

relief.

After the removal issue was resolved below, Brunson opposed the

motion to dismiss, including his claim of standing asserted on appeal. R.

at 374-83.

Magistrate Judge Bennett issued a report and recommendation to

dismiss the action without prejudice based on the jurisdictional grounds

that Brunson lacked required Article III standing and for lack of any

waiver of sovereign immunity. R. at 390-403.[1] Brunson timely objected

---

[1] A copy of that Report and Recommendation is attached hereto as
Exhibit A. It did not address the other grounds for dismissal,
jurisdictional and otherwise, set forth in the motion of defendants.

to that ruling, principally contending that it did not expressly address his arguments in opposition to the proposed dismissal of the action. R. at 404-07. District Judge Parrish overruled Brunson's objections, adopted the report and recommendation in full, and dismissed the case without prejudice. R. at 509-12.[2] Brunson timely appealed the dismissal. R. at 513.

His opening brief only addressed substantively the two points noted above as issues on this appeal, seemingly conceding in passing that he "might not get" "consent to sue Defendants" to be able to challenge the sovereign immunity grounds for the dismissal of his case other than through his conclusory brief mention of his claims of "fraud or violations of the oath of office or acts of treason" or being deprived of a claimed right to seek a "redress of grievances." Op. Brief at 5. So while sovereign immunity remains as a separate and independent basis for the dismissal of this action, it is not here further addressed as a separate argument given the lack of briefing by Brunson on this issue,

---

[2] A copy of that Order adopting the Report and Recommendation is attached hereto as Exhibit B. A copy of the separate short Judgment is attached hereto as Exhibit C.

which should be deemed a waiver of his right to challenge the sovereign immunity findings of the lower court on this appeal, as "[a]rguments inadequately briefed in the opening brief are waived." *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Rsch.*, 527 F.3d 1045, 1049 n.1 (10th Cir. 2008).

## SUMMARY OF THE ARGUMENT

I. Brunson first claims that because the one-sentence separate judgment of dismissal does not state the basis for that ruling, it is in error and must be corrected with a remand. That is not error as Fed. R. Civ. P. 54(a) and 58(a) require that the judgment declaring what is to be done as a result of the action be a separate and short statement of only the outcome, distinct from any explanation of the basis for that outcome. The lower court's full adoption of the report and recommendation of the magistrate judge adequately explains the basis for the dismissal of the action.

II. Brunson then contends that he has adequate standing to pursue his claims of fraud, violation of oaths of office, and possible treason because they are such serious claims that they must be protected by virtue of conclusory references to the Declaration of

Independence, and the First, Ninth, and Fourteenth Amendments to the Constitution, and a few cites to inapplicable procedural due process opinions, with references to certain allegations of his complaint. But he never explains, nor could he, how his claimed injuries are more particularized or different from any member of the voting public. Thus, he fails to meet the injury in fact element of Article III standing which the lower court found to be lacking.

His only attempts to address the redressability element of standing, which the lower court also found lacking, were a cite to 18 U.S.C. § 2381, a criminal statute, which he claims gives courts the right to remove members of Congress, and a reference to the First Amendment right to petition for redress of grievances. But Brunson overlooks that only the United States Department of Justice can bring criminal actions, and even then, the Supreme Court and other federal courts have held that statutes like section 2381 do not allow courts to remove sitting members of Congress, as that power is reserved exclusively to the houses of Congress. He also cites no case law to support his claim that his First Amendment right to petition for redress

of grievances applies to lawsuits like this one, as it does not, as federal courts have held.

## STANDARD OF REVIEW

Questions of law, like those presented here, are reviewed de novo. *United States v. Abouselman*, 976 F.3d 1146, 1153 (10th Cir. 2020), citing *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014). The Court reviews de novo grants of motions to dismiss for lack of standing. *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).

## ARGUMENT

### I.  The District Court Rulings Adequately Provide and State the Grounds for the Dismissal of the Action.

In his appeal, Brunson first briefly challenges only the succinct nature of the one-sentence Judgment, dismissing the action without prejudice, claiming this is deficient for not explaining the legal basis for the decision.[3] He seeks a remand to address this claimed error. But this

---

[3] This is a much narrower and different claim on appeal than that which Brunson asserted in his objection to the report and recommendation. In that earlier objection, he claimed the magistrate judge erred by not expressly addressing all the points Brunson set forth in his opposition to the motion to dismiss. R. at 404-06. The district

claim ignores that the basis for the dismissal was fully explained in the report and recommendation of the magistrate judge which was adopted by the district court in its entirety. R. at 511.

Brunson, as a pro se plaintiff, is understandably not aware that district court "judgments" typically state only the ultimate result of the lawsuit, not the reasoning for that result. This is consistent with the command of the second sentence of Fed. R. Civ. P. 54(a), which reads: "A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." This is reinforced by the language of Rule 58(a), which reads in relevant part that "[e]very judgment . . . must be set out in a separate document, [except for certain limited specified circumstances not here appliable]." This intended result that appealable succinct judgments be separate from the reasoning supporting them is further made clear in the committee notes to the

court overruled and addressed that objection in noting that due process had been afforded Brunson by giving him an opportunity to be heard, and that no case law supported a claimed requirement that every point raised in the opposition must be expressly addressed. R. at 509-10. But since Brunson did not again raise that earlier objection in his appeal, it is now waived on appeal. *Utah Lighthouse Ministry*, 527 F.3d at 1049 n.1.

1963 amendment of Rule 58. In those notes, it states that prior

uncertainties about what rulings were appealable is intended to be

eliminated "by requiring that there be a judgment set out in a separate

document – distinct from any opinion or memorandum – which provides

the basis for the entry of judgment."

Accordingly, there was no error in how the district court explained

the basis for the dismissal and in entering a separate and succinct valid

and enforceable judgment dismissing the action. The other court rulings

adequately explain the basis for the dismissal. No remand is needed.

## II.   The District Court Correctly Found that Brunson Lacked the Required Standing to Pursue his Claims.

As Magistrate Judge Bennett correctly noted in his report, citing

*Lance v. Coffman*, 549 U.S. 437, 439 (2007),[4] standing is a required

component of the case or controversy prerequisite for jurisdiction under

section 2 of Article III of the United States Constitution. R. at 395.

---

[4] Defendants cited and discussed this opinion in their motion to dismiss, along with at least four other opinions holding that the standing element of injury in fact was lacking in challenges made against federal officers. R. at 181-83.

10

## A.   Personalized Injury in Fact

In *Lance*, the Court in a per curiam opinion dismissed claims of voters challenging a Colorado redistricting plan for their lack of any Article III personalized injury in fact, one of the three required elements of standing. The Court there reaffirmed the Court's "lengthy pedigree" of opinions holding that "a plaintiff raising only a generally available grievance about government -- claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large -- does not state an Article III case or controversy." *Lance,* 549 U.S. at 439, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).

Magistrate Judge Bennett then examined the allegations of Brunson's complaint and properly determined that there was no allegation that Brunson has suffered any injury "concrete and personal to him" different in kind or degree from any claimed harm to the public at large, sufficient to meet the standing requirement of a "distinct and palpable injury to [him]self." *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 875 (10th Cir. 1992), quoting *Glover River Org. v. United States*

11

*Dep't of Interior*, 675 F.2d 251, 254 (10th Cir. 1982). R. at 396-97. That determination, with all others stated in the magistrate judge's report, was adopted in full by District Judge Parrish. R. at 511.

Brunson's lack of such a particularized injury is manifest. By his own allegations, we know that he voted in Utah in the last national election, and it can safely be assumed that he then voted for President Trump. Complaint at ¶¶ 2-3, 134; R. at 72, 93, 221, 242. Yet President Trump carried the State of Utah in that election, and its six electoral votes were cast for President Trump, as Brunson's own attachment to the Complaint shows. 167 Cong. Rec. H113-115 (daily ed. Jan. 6, 2021), R. at 138-40, 287-89. So Brunson's vote was given all the force and effect that it was entitled to. Anything that may have occurred in any other state did not affect his vote in any viable or material manner. In a democratic republic like ours, he is not entitled to claim that his vote counts more than any others. His generalized claim of harm is no different than that which might be claimed by any other member of the voting public, and he lacks the required personalized injury in fact to have standing under Article III of the Constitution to confer jurisdiction for his complaint.

Brunson's cites at pages 6-7 of his opening brief to opinions he claims do not require him to meet normal standing requirements are all distinguishable from Brunson's lack of particularized harm. In the *Defenders of Wildlife* opinion cited by Brunson and already noted above, the cited footnote makes clear that any dispensing of just two of the normal standing requirements of immediacy and redressability only applies in special circumstances not here present, where the injury in fact prong is potentially met, such as where a near neighbor to a proposed dam project has a concrete and particularized interest to defend. 504 U.S. at 573, n.7. In the *Catron County* opinion cited by Brunson, the court determined that the county met all three prongs of Article III standing. *Catron Cnty. Bd. Of Comm'rs, New Mexico v. United States Fish & Wildlife Serv.*, 75 F.3d 1429, 1433 (10th Cir. 1996). The quote from *Carey v. Piphus*, 435 U.S. 247, 266 (1978), about the absolute nature of procedural due process, and the reference to the allowance of nominal damages where procedural due process is violated in *Carey* and *Rector v. City and County of Denver*, 348 F.3d 935 (10th Cir. 2003), do not apply here as the district court expressly found that Brunson had been given such procedural due process in being allowed

13

to submit his views. R. at 510. Moreover, the Rector plaintiffs were found to lack standing and the Circuit there noted that "the Constitution does not protect procedure for procedure's sake." *Rector*, 348 F.3d at 943.

### B.  Redressability

As both Magistrate Judge Bennett and District Judge Parrish also found, Brunson's complaint further lacks another required element of standing, that of redressability.[5] R. at 397 fn. 34, 511. Courts simply lack the power to provide several elements of the relief sought by Brunson's complaint, namely, the power to remove sitting members of Congress, to prevent them from holding future office, and to require them to undertake the investigation sought by Brunson. *See Roudebush v. Hartke*, 405 U.S. 15, 18-19 (1972) (recognizing that "who is entitled to the office of Senator" is an "unconditional and final" judgment exercised by the Senate alone, citing the Senate's constitutional power to Judge elections); *Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 613 (1929) (Senate power to Judge the elections of its Members authorizes it

---

[5] This point was also made by Defendants in their motion to dismiss. R. at 182-83, citing cases later found to govern in the court rulings.

14

to "render a judgment which is beyond the authority of any other tribunal to review"); *Wright v. Brady*, 2006 WL 2371327, at *1 (S.D. Tex. Aug. 15, 2006) ("This court has no authority to order a sitting congressman removed from Congress."); *see also Kelley v. Wall*, 2010 WL 5176172, at *5 (D. R.I. Nov. 30, 2010) ("[I]t is not within the purview of the Court to order Congress to undertake an investigation."), *adopting recommendation,* 2010 WL 5313296 (D. R.I. Dec. 20, 2010).[6]

Further, Brunson's cite to 18 U.S.C. § 2381 does not overcome this hurdle of the court's inability to redress the harm he claims. First, only the Department of Justice of the United States can initiate criminal proceedings under that statute, not Brunson. *United States v. Nixon*, 418 U.S. 683, 693-94 (1974) ("[T]he Executive Branch has exclusive

---

[6] Consider also *Kerchner v. Obama,* 612 F.3d 204, 209 (3d Cir. 2010) (finding "claims under the First Amendment are without merit because the individual right to petition does not 'require government policymakers to ... respond to individuals' communications on public issues" (citation omitted); and *We the People Found., Inc. v. United States,* 485 F.3d 140, 143–44 (D.C. Cir. 2007) (holding that "the Supreme Court flatly stated that the First Amendment ... does not provide a right to a response to or official consideration of a petition" (citing *Minn. State Bd. for Cmty. Colls. v. Knight,* 465 U.S. 271, 285 (1984), and *Smith v. Ark. State Highway Employees,* 441 U.S. 463, 465 (1979)).

15

authority and absolute discretion to decide whether to prosecute a case, (citations omitted);" and "[u]nder the authority of Art. II, s. 2, Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government. 28 U.S.C. § 516. It has also vested in him the power to appoint subordinate officers to assist him in the discharge of his duties. 28 U.S.C. §§ 509, 510, 515, 533.")

Next, the Supreme Court has clearly stated that statutes like section 2381 don't operate of their own force to evict sitting members of Congress. *Burton v. United States*, 202 U.S. 344, 369–70 (1906). There, the Court firmly held that a statute that had language similar to that in section 2381 barring office holding after conviction did not operate to immediately remove the convicted Senator from his Senatorial office, stating:

> [T]he statute makes one convicted under it incapable forever thereafter of holding any office of honor, trust, or profit under the government of the United States. But the final judgment of conviction did not operate, *ipso facto*, to vacate the seat of the convicted Senator, nor compel the Senate to expel him or to regard him as expelled by force alone of the judgment. The seat into which he was originally inducted as a Senator from Kansas could only become vacant by his death, or by expiration of his term of office, or by some direct action on the part of the Senate in the exercise of its constitutional powers.

*Id.* at 369. The Court then added a second reason why that federal criminal statute did not operate upon conviction to immediately remove the convicted Senator from his office, noting that the statutory phrase "under the government of the United States" did not apply to "offices the appointments to which are made by the states, acting separately, albeit proceeding, in respect of such appointments, under the sanction of [the Constitution]." *Id.* Explaining further, the Court said:

> While the Senate, as a branch of the legislative department, owes its existence to the Constitution, and participates in passing laws that concern the entire country, its members are chosen by state legislatures, and cannot properly be said to hold their places 'under the government of the United States.'

*Id.* at 369-70. While the Seventeenth Amendment to the Constitution later changed the method of electing Senators so that they are now elected "by the people" of each state, in a manner similar to how Representatives to Congress are elected, this does not change the underlying conclusion that such members of Congress do not hold those offices "under the United States," which is the language in section 2381.

Brunson's conclusory claim that such obstacles to obtaining jurisdiction are overcome by the rights preserved in the First or Ninth or Fourteenth Amendments to the Constitution or claims of fraud

17

simply lack support in the law. The Article III standing requirements of the Constitution are not so easily brushed aside, and have not been met in this case.

## CONCLUSION

This Court should affirm the rulings of the lower court because no remand is needed to explain the basis for the dismissal of the action, and because Brunson cannot show that he meets the Article III standing requirements of a particularized personal injury in fact and redressability, and he lacks any waiver of sovereign immunity for his claims.

RESPECTFULLY SUBMITTED this 19th day of April, 2022.

ANDREA T. MARTINEZ
United States Attorney

*/s/ John K. Mangum*
JOHN K. MANGUM
Assistant United States Attorney
Utah Bar No. 2072
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
john.mangum@usdoj.gov

## CERTIFICATE OF COMPLIANCE

My brief was prepared in a proportionally spaced typeface and contains 3,206 words. I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

*/s/ John K. Mangum*
JOHN K. MANGUM
Assistant United States Attorney
Utah Bar No. 2072
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
john.mangum@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States

Attorney's Office, and an electronic copy of the foregoing BRIEF FOR

THE DEFENDANTS/APPELLEES was served to Plaintiff/Appellant

Brunson named below via the Court's ECF system, this 19th day of

April, 2022.

Raland J Brunson
thedreamofthecentury@gmail.com
4287 Harrison Blvd. #132
Ogden, UT 84403-3101


*/s/ Libby Oberg*
LIBBY OBERG
Legal Administrative Specialist